IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 3, 2008

Charles R. Fulbruge III
Clerk

No. 08-40110
Summary Calendar

ENRIQUE MORENO SANCHES

Plaintiff-Appellant

v.

UNITED STATES PROBATION OFFICE; DICK LEONARD; G RUDOLPH GARZA, JR; ARMANDO FLORES

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:94-CV-387

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Enrique Moreno Sanches, federal prisoner # 61759-079, appeals the district court's denial of his FED. R. CIV. P. 60(b) motion to reopen, which was filed more than 11 years after the dismissal of his 42 U.S.C. § 1983 complaint. He argues that the district court erred by construing his motion as based on Rule 60(b)(1); instead, Sanches argues that his motion was based on Rule 60(b)(6), which he asserts does not have a time limit.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We conclude that, because Sanches's motion is untimely under either subsection, the district court did not abuse its discretion in denying the motion. A motion based on Rule 60(b)(1) must be made not more than one year after the entry of judgment; a motion based on Rule 60(b)(6) must be brought "within a reasonable time." FED. R. CIV. P. 60(c)(1). It is undisputed that Sanches's motion was not filed until more than 11 years after the district court's dismissal of his § 1983 complaint; therefore, it clearly was untimely under subsection (b)(1). We also conclude that Sanches has not shown that his motion was filed within a reasonable time or that extraordinary circumstances exist that would warrant relief under Rule 60(b)(6). See Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002); Edwards v. City of Houston, 78 F.3d 983, 995 (5th Cir. 1996) (en banc).

AFFIRMED.